# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEREMY X GERALD, | ) | CASE NO. 5:18-cv-00413 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN DAVID GRAY | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jeremy X Gerald ("Petitioner" or "Gerald"), acting pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition") on February 15, 2018.[1]  Doc. 1.  Gerald challenges the constitutionality of his conviction and sentence in *State v. Gerald*, Case No. 2015-12-3719 (Summit County).[2]  Doc. 1.  Gerald was convicted of failure to comply with order or signal of police officer, receiving stolen property, and driving under suspension.  He was sentenced to a total prison term of six and one-half years.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  On May 4, 2018, Respondent filed a Return of Writ.  Doc. 10.  On May 14, 2018, Gerald filed a Motion for Default Judgment, arguing that Respondent had not filed a timely response to

---

[1] The Petition was docketed on February 20, 2018.  Doc. 1.  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).  Thus, Gerald's Petition is deemed filed as of February 15, 2018, the date he states he placed his Petition in the prison mailing system. Doc. 1, p. 15.

[2] Gerald previously filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in this Court.  *See* Case No. 5:17-cv-00614.  That case was dismissed without prejudice on July 21, 2017, for failure to exhaust his state court remedies. Case No. 5:17-cv-00614, Doc. 8, Doc. 9.

his Petition.  Doc. 13.  Gerald filed a Traverse on June 4, 2018 (Doc. 17)[3] and he filed a Reply to

Respondent's Answer on August 20, 2018 (Doc. 19).[4]

Gerald acknowledges in his motion for default judgment that Respondent's response to

his Petition was due on or before May 7, 2018.  Doc. 13, p. 2.  A review of the docket

demonstrates that Respondent filed his Return of Writ on May 4, 2018.  Doc. 10.  Since

Respondent timely responded to the Petition, the undersigned recommends that the Court **DENY**

Gerald's Motion for Default Judgment (Doc. 13).  Furthermore, for the reasons explained more

fully below, the undersigned recommends that the Court **DISMISS** Gerald's Petition (Doc. 1)

because the claims presented therein are not cognizable on federal habeas review.

## I.     Factual Background

In an order addressing motions to suppress and motions to dismiss that were pending

before the Summit County Court of Pleas, the court summarized the factual background

underlying Gerald's convictions as follows:

> On November 22, 2015, Officer David Allaman, employed by the Village of
> Peninsula Police Department, was on general patrol duty.  Officer Allaman was in
> a Peninsula cruiser, and parked at a stationary location, where he was running radar.
> At approximately, 8-8:15 a.m., Officer Allaman observed a small silver 4 door
> vehicle heading east on State Rt. 303 at a high rate of speed.  Officer Allaman
> obtained a speed read out of 59 mph for Defendant's vehicle.  As a result, Office
> Allaman decided to initiate a traffic stop based upon this traffic violation.  He pulled
> out of his parked location, turned on his headlights, followed Defendant and
> initiated a traffic stop.
>
> Upon stopping, Office Allaman called into dispatch, and had Defendant's license
> plate read.  The plate was entered in the system as stolen.  While Officer Allaman
> was obtaining the plate information, and while his overhead lights were still
> activated, Defendant suddenly made a u-turn on State Rt. 303, heading west, and
> left the location.  Officer Allaman testified that he had not even exited his vehicle

---

[3] Gerald's Traverse (Doc. 17) is unsigned.  The undersigned provided Gerald an opportunity to correct this by filing
a signature page on or before November 5, 2018.  *See* Doc. 21.  As of the filing of this Report and Recommendation,
Gerald had not complied with this order.

[4] Gerald did not seek leave to file a Reply to Respondent's Answer.  However, considering Gerald's pro se status, the
undersigned has considered Gerald's Reply to Respondent's Answer (Doc. 19).

yet.  In response, Officer Allaman followed Defedant, continuing onto State Route 271 South.  Officer Allaman continued his pursuit and notified dispatch.  Officer Allaman testified that he had to substantially accelerate his vehicle in order to pursue the Defendant.  Officer Allaman estimated Defendant's speed to be between 50-70 mph based on his speedometer and the distance between the vehicles.  Defendant continued to move in and out of traffic, and Officer Allaman became concerned about highway traffic.  The pursuit continued with Defendant exiting at 77 South and then to Wheatley Road.  Officer Allaman testified that he was approximately ¼ mile behind Defendant.  Upon exiting and travelling west on Wheatley Road, Defendant noticed two Richfield police cruisers near the intersection of Cleveland-Massillon Road, and immediately made another u-turn and headed in the direction of Officer Allaman's vehicle.  Officer Allaman testified it appeared that Defendant was headed for a crash with his police vehicle.

Defendant entered back onto 77 South.  Officer Allaman made a u-turn to follow and estimated Defendant's speed to be approximately 120 mph.  Officer Allaman testified that he pushed his vehicle to the highest speed to keep up with Defendant.  Defendant again operated his vehicle weaving in and out of traffic.  Defendant got off the highway at Ghent Road.  As he exited, Defendant crashed his vehicle into a light pole.  Defendant thereafter jumped out of his vehicle with his suitcase in hand, and starting running and jumping over fences.  During his flight, Defendant discarded his suitcase in a clump of trees, which was found by Officer Allaman approximately 50-60 feet from where Defendant was ultimately hiding and was found.  Defendant was found in the dumpster behind office buildings on Cleveland Massillon Road.  The suitcase was located and searched at the scene.

Doc. 10-1, pp. 45-46.

## II.     Procedural Background

### A.  State conviction

#### 1.  Indictment and pretrial motions

On December 18, 2015, the Summit County Grand Jury indicted Gerald on seven counts.

Doc. 10-1, pp. 9-12.  The counts in the indictment are labeled Counts 1 through 6 and Count 10.[5]

Doc. 10-1, pp. 9-12.  The counts were as follows: Count 1 – one count of failure to comply with

order or signal of police officer; Count 2 – one count of assault; Counts 3 through 6 – four counts

---

[5] There was no Count 7, 8 or 9 in the indictment.  Doc. 10-1, pp. 9-12, Doc. 10-2, p. 2.  During the trial, the prosecutor moved to amend Count 10 (driving under suspension) to read Count 7.  Doc. 10-2, p. 7.  The prosecutor dismissed Count 6 prior to trial.  Doc. 10-2, pp. 2, 95.  Thus, Count 7 (driving under suspension) was renumbered as Count 6. Doc. 10-2, p. 95.

of receiving stolen property;[6] and Count 10 – one count of driving under suspension.  Doc. 10-1, pp. 9-12.

On January 8, 2016, Gerald appeared in court and signed a waiver of his right to counsel. Doc. 10-1, pp. 13-15.  The trial court approved of Gerald's waiver of counsel and appointed standby counsel for Gerald.  Doc. 10-1, p. 15.  In its order, the trial court ordered that Gerald be given access to paper, writing utensils, and postage/envelopes for purposes of self-representation pertaining to the case before the court.  Doc. 10-1, p. 15.

Gerald filed various pre-trial motions.  In January 2016, Gerald filed two motions to sever offenses.  Doc. 10-1, pp. 16-17.  On February 2, 2016, the trial court denied Gerald's motions to sever the receiving stolen property and driving under suspension charges from the other two charges.  Doc. 10-1, pp. 18-19.   Also, in January 2016, Gerald filed two motions to change venue, alleging a fair and impartial trial could not occur in Summit County and alleging issues of racism.  Doc. 10-1, pp. 20-23, 24.  On February 2, 2016, the trial court denied Gerald's motions for change of venue.  Doc. 10-1, p. 24.

On January 21, 2016, Gerald filed a motion regarding jail conditions, asserting that various jail conditions were affecting his ability to proceed with his case.  Doc. 10-1, pp. 25-26. Gerald noted faulty, insufficient writing materials, envelopes and copying services; access to Islamic services, materials and meals; faulty and insufficient access to legal research; 2000 calories per day of food; a reviewable disciplinary process; unreasonable force; a regular meal if in disciplinary confinement; proper air circulation in housing area and climate control; sufficient recreation space; 14 hours per day lockdown status; and ability to use the collect or non-collect phone.  Doc. 10-1, pp. 25-26, 27.  On February 4, 2016, the trial court affirmed its prior order

---

[6] The indictment details the following with respect to the receiving stolen property counts – 2007 Nissan Altima (Count 3); checks (Count 4); license plate (Count 5); and credit cards (Count 6).  Doc. 10-1, pp. 10-11.

regarding Gerald's limited right to writing supplies and materials necessary for his defense and dismissed the remainder of Gerald's request.  Doc. 10-1, pp. 27-29.

Also in January 2016, Gerald filed two motions to suppress evidence (Doc. 10-1, pp. 30-33) and two motions to dismiss (Doc. 10-1, pp. 34-44).  In the motions to suppress, Gerald sought to suppress all evidence obtained as a result of the November 22, 2015, traffic stop and search of the suitcase.  Doc. 10-1, p. 46.  On February 11, 2016, the trial court conducted an oral hearing on the motions to suppress and motions to dismiss.  Doc. 10-1, p. 45.  On February 24, 2016, the trial court denied the motions to suppress and motions to dismiss.  Doc. 10-1, pp. 45-49.

### 2. Interlocutory appeal

On March 16, 2016, Gerald filed two notices of appeal.  Doc. 10-1, pp. 50-51.  One notice of appeal was an appeal from the trial court's order denying Gerald's motions to suppress and motions to dismiss.  Doc. 10-1, p. 50.  The other notice of appeal was an appeal from the trial court's order denying his motions for change of venue.  Doc. 10-1, p. 51.  On May 5, 2016, Gerald sought an extension of time the filing deadlines due to his pro se status and he also asked for a copy of the rules of appellate procedure.  Doc. 10-1, p. 52.  On May 11, 2016, the Ninth District Court of Appeals granted Gerald an extension of time until May 31, 2016, to file his brief but noted that no further extensions would be granted.  Doc. 10-1, p. 53.  On that same date, the court of appeals issued an order stating that Gerald had not filed a docketing statement as required by the rules of court and ordered Gerald to do so by May 31, 2016, or risk dismissal of the appeal.  Doc. 10-1, p. 54.

During a May 2, 2016, pretrial, in light of Gerald's pending appeal, the trial court stayed the case pending a decision from the Ninth District Court of Appeals.  Doc. 10-1, p. 76.  On

May 23, 2016, Gerald filed a motion for special accommodations, requesting that the court of appeals order the Summit County Jail to provide him with access to a word processor in order to prepare his brief and envelopes and postage for mailing.  Doc. 10-1, pp. 55-58.  Also, on May 23, 2016, Gerald filed a motion for extension of time to file his brief and docketing statement.  Doc. 10-1, pp. 59-61.  On May 24, 2016, a docketing statement, with certain trial court orders was filed.  Doc. 10-1, pp. 62-75.   On May 26, 2016, Gerald filed a request that the court of appeals allow him to voluntarily dismiss his appeal because he did not intend to file a brief or pursue his appeal.  Doc. 10-1, pp. 77-78.  On June 10, 2016, the Ninth District Court of Appeals granted Gerald's motion and dismissed the appeal.  Doc. 10-1, p. 79.

### 3. State petition for writ of habeas corpus

On March 25, 2016, Gerald filed a petition for writ of habeas corpus with the Supreme Court of Ohio.[7]  Doc. 10-1, pp. 80-81, 82.  On July 27, 2016, the Supreme Court of Ohio sua sponte dismissed Gerald's habeas corpus petition.  Doc. 10-1, p. 82.

### 4. Trial court proceedings subsequent to dismissal of appeal

On June 30, 2016, Gerald filed a motion for discovery accommodations, seeking an order from the trial court to permit Gerald and his investigators to enter the premises of the Peninsula Police Department to inspect evidence being held in connection with Gerald's case.  Doc. 10-1, pp. 83-84.

Also, on June 30, 2016, Gerald filed a petition for writ of mandamus with the trial court arguing that the Summit County Jail had (1) deprived him of his religious rights to practice Islam; (2) deprived him of sufficient and adequate access to legal research materials; (3) deprived him of a sufficient diet; (4) deprived him of sufficient medical care; (5) deprived him of

---

[7] The petition for writ of habeas corpus is not very legible.  Doc. 10-1, pp. 80-81.

his right to be outside a lockdown status less than 14 hours per day; (6) deprived him of access to supplies for preparing and mailing court filings; (7) deprived him of sufficient recreation space and time; (8) deprived him of access to commissary items at a comparable fair market value and failed to provide life skills training and education; (9) deprived him of a fair and impartial disciplinary process; and (10) engineering homosexual behavior by denying interaction with females.  Doc. 10-1, pp. 85-93.   The clerk of the trial court transferred the petition for writ of mandamus to the Ninth District Court of Appeals.  Doc. 10-1, pp. 94-95.  On July 21, 2016, the court of appeals dismissed the matter, indicating that the filing was not a complaint but a motion bearing the trial court's criminal case number and directed to the common pleas court.  Doc. 10-1, pp. 93-94.

## 5.  **Jury trial**

A jury trial commenced on August 1, 2016, and continued through August 3, 2016, at which time the jury returned its verdict.  Doc. 10-1, p. 95.  The jury returned guilty verdicts on Count 1 (failure to comply with order or signal of police officer); Counts 3 through 5 (receiving stolen property); and Count 6 (driving under suspension).  Doc. 10-1, p. 95.  The jury returned a not guilty verdict on Count 2 (assault).  Doc. 10-1, p. 95.  On August 12, 2016, the trial court sentenced Gerald to three years in prison on Count 1; 18 months in prison on Count 3; 12 months in prison on Count 4; 12 months in prison on Count 5; and 180 days in county jail on Count 6.  Doc. 10-1, p. 96.  The trial court ordered that the sentences in Counts 1, 3, 4, and 5 be served consecutively with each other and the sentence imposed on Count 6 to be served concurrently, for a total of six and one-half years.  Doc. 10-1, p. 96.

**B.  Appeals following conviction**

On September 27, 2016, Gerald filed notices of appeal from his conviction and sentence and the trial court's denial of his pretrial motions (COA Case No. 28380).  Doc. 10-1, pp. 98-100.  On October 6, 2016, the State moved to dismiss Gerald's appeals on the basis that Gerald's appeal was not timely filed.  Doc. 10-1, pp. 101-102.  On October 20, 2016, Gerald filed a motion for extension of time to file notice of appeal and brief.  Doc. 10-1, pp. 103-104.  On October 26, 2016, the Ninth District Court of Appeals dismissed Gerald's appeal since it was not filed within 30 days of the August 12, 2016, entry.  Doc. 10-1, pp. 107-08.  The court of appeals indicated, however, that Gerald was not precluded from filing a motion for leave to file a delayed appeal.  Doc. 10-1, p. 107.  No appeal was filed with the Supreme Court of Ohio.

On November 8, 2016, Gerald filed a motion for leave to file a delayed notice of appeal, arguing that he had attempted to timely file his appeal but his efforts were undermined by the actions of the clerk of court for the common pleas court.  Doc. 10-1, pp. 109-137.  Gerald's motion was filed in his previously dismissed appeal (COA Case No. 28380).  Doc. 10-1, pp. 107, 109.  On November 15, 2016, the court of appeals struck Gerald's motion as improperly filed because he filed his motion for leave in a previously terminated appeal.  Doc. 10-1, p. 138.  Gerald was reminded that he could file a new appeal and seek leave to file a delayed appeal at that time.  Doc. 10-1, p. 138.   No appeal was filed with the Supreme Court of Ohio.

On November 30, 2016, Gerald filed a motion for leave to file delayed notice of appeal in a new case (COA Case No. 28443).  Doc. 10-1, pp. 139-142.  On February 23, 2017, Gerald filed a supplement to his motion for leave to file a delayed notice of appeal.  Doc. 10-1, pp. 165-171.  Also, on February 23, 2017, Gerald moved for leave to file a brief exceeding the page limitations

by four pages (Doc. 10-1, pp. 172-173) and filed his appellate brief (Doc. 10-1, pp. 174-229).  In

his brief, Gerald raised the following 12 assignments of error:

1. The trial court committed plain error when it proceeded with a cause based upon an indictment which it lacked jurisdiction to return under the principles of sovereign immunity.

2. The trial court committed plain error by entering judgment of conviction of failure to comply which is based upon a statute, 2921.331 R.C., enacted in violation of the one subject rule Oh. Const. Art. II S. []15(D).

3. The trial court committed plain error by entering judgment of conviction for failure to comply which is a vague statute in violation of due process.

4. The trial court erred by denying Mr. Gerald's motion to dismiss.

5. The trial court erred by denying Mr. Gerald's motion to suppress challenging the initial stop and search of briefcase under pretext of inventory search.

6. The trial court erred by denying Mr. Gerald's motion to sever offenses which had no proximate connection and where dates of events relevant to offenses were different and within different jurisdictions.

7. The trial court erred by denying Mr. Gerald's motion in re jail conditions.

8. The trial court erred by denying Mr. Gerald's motion for signature bond or bond reduction.

9. The trial court erred by permitting preliminary hearing arguments of Mr. Gerald to be read onto the record in trial as if it was testimony of Mr. Gerald confusing the jury, without Mr. Gerald's testimony.

10. The trial court erred by refusing to permit documentation evidence searched by arresting officer which was evidence Mr. Gerald is a legitimate business owner in the business of buying and selling cars and other businesses.

11. The trial court erred by refusing to permit evidence of electronic items possed [sic] by Peninsula PD.

12. The trial court erred by imposing consecutive sentences per 2953.08 by not correctly applying 2929.14 as well as not considering the documented, oral and other in court evidence.

Doc. 10-1, p. 181.  On March 2, 2017, the court of appeals issued an order finding that Gerald's brief failed to comply with its local rules.  Doc. 10-1, pp. 230-232.  The court of appeals struck Gerald's brief and ordered him to file a complying brief within 20 days.  Doc. 10-1, p. 232.  The following week on March 9, 2017, the court of appeals determined that Gerald's motion for leave to file delayed appeal was filed without a concurrently filed notice of appeal as required by the court's rules.  Doc. 10-1, pp. 233-234.  Thus, the court of appeals denied Gerald's motion for leave to file a delayed appeal, noting that Gerald was not precluded from filing a new appeal along with a new motion seeking leave to file a delayed appeal.  Doc. 10-1, p. 233.  A notice of appeal is contained in the record filed in this case that bears a court of appeals time-stamp dated April 7, 2017.  Doc. 10-1, p. 235.  The notice of appeal indicates that Gerald was providing notice of his appeal to the Supreme Court of Ohio from the court of appeals March 9, 2017, order entered in COA Case No. 28443.  Doc. 10-1, pp. 235-236.  A review of the Supreme Court of Ohio's online docket does not reflect that a notice of appeal was filed with the Supreme Court of Ohio regarding the March 9, 2017, decision in COA Case No. 28443.

On January 5, 2017, Gerald filed a notice of appeal with the court of appeals from the conviction entered on August 12, 2016 (COA Case No. 28478).[8]  Doc. 10-1, pp. 238-239, 438. On March 9, 2017, the court of appeals dismissed Gerald's appeal as being untimely filed.  Doc. 10-1, pp. 240-241.  No appeal was filed with the Supreme Court of Ohio.

---

[8] The notice of appeal was filed in the trial court on December 16, 2016.  Doc. 10-1, pp. 238, 438.

**C. Motions for new trial (2016)**

On October 27, 2016, Gerald filed a motion for new trial with the trial court, arguing that he had discovered new evidence.  Doc. 10-1, pp. 242-249.  Gerald indicated that the new evidence was:[9]

1. An officer who was employed by an agency which played a significant role in the arrest and charging of Gerald was under investigation and charged with theft.

2. That there was a fund called "furtherance of justice" account used by many law enforcement agencies in northeast Ohio and prosecution offices which was used in a way to "promise grand jurors favoritism" in traffic citations or other legal problems in exchange for the return of an indictment in criminal cases.  Gerald indicated that the information was based on a 2015 Channel 3 WKYC news article, which he learned on post-trial.

3. Akron police department arrested a member of the agency assigned to perform investigative work for Gerald.  The charges were dropped later due to "mistaken identity" which amounted to a harassment by law enforcement which had been shown to Gerald and his investigator Mr. Fields (see journal entry concerning contact with Gerald in facility).

4. Gerald was made aware through NPR and NBC news that the Justice Department had declared that holding a person in jail who is indigent because that person cannot afford bail is unconstitutional.

Doc. 10-1, pp. 242-246.   On December 2, 2016, Gerald filed another motion for new trial raising again the discovery of the "new" evidence identified in his previously filed motion for new trial as a basis for being granted a new trial.  Doc. 10-1, pp. 250-252.  The State opposed Gerald's motion for new trial, arguing that the motion was not timely and lacked evidentiary documentation.  Doc. 10-1, pp. 253-255.  Gerald filed a reply.  Doc. 10-1, pp. 256-259.  On January 18, 2017, the trial court denied Gerald's motion for new trial finding that there were no evidentiary materials upon which the court could properly consider the motion and Gerald had

---

[9] The "new" evidence detailed in Gerald's motion is summarized.

failed to establish by clear and convincing evidence, as required by Crim. R. 33(B), that he had

been unavoidably prevented from discovering alleged new evidence.  Doc. 10-1, pp. 260-263.

On April 13, 2017, Gerald filed a notice of appeal from the trial court's January 18, 2017,

decision (COA Case No. 28603).  Doc. 10-1, pp. 264-265, 439.  On April 24, 2017, Gerald filed

a motion for delayed appeal in COA Case. No. 28603, arguing that he had not received a copy of

the trial court's January 18, 2017, decision through the mail and only learned of it on March 20,

2017, when looking at the online docket.  Doc. 10-1, pp. 266-268.  On May 8, 2017, Gerald filed

a brief (Doc. 10-1, pp. 269-284) raising the following as his sole assignment of error "Did the

trial court error by denying Mr. X's motion for new trial?" (Doc. 10-1, p. 272).  On May 16,

2017, the court of appeals dismissed the appeal on the basis that the attempted appeal was

untimely and the court therefore lacked jurisdiction.  Doc. 10-1, pp. 285-286.

On June 19, 2017, Gerald filed a notice of appeal with the Supreme Court of Ohio from

the court of appeals' May 16, 2017, decision in COA Case No. 28603 (Doc. 10-1, pp. 287-288,

440) and a memorandum in support of jurisdiction (Doc. 10-1, pp. 289-301, 440).  In his

memorandum in support of jurisdiction, Gerald argued that his appeal involved a substantial

constitutional question; namely, "whether or not pro se litigants' pleadings which are clear and

precise are due the same process that a licensed attorney is due and that is a hearing or decision

on such pleading(s)."  Doc. 10-1, p. 291.  Gerald argued that the court of appeals failed to give

consideration to his motion for leave to file a delayed appeal when concluding that the court

lacked jurisdiction over his appeal due to the untimely filing of the appeal.  Doc. 10-1, p. 291.

On July 3, 2017, the State filed a waiver of memorandum in response.  Doc. 10-1, p. 302.  On

September 27, 2017, the Supreme Court of Ohio declined jurisdiction of the appeal.  Doc. 10-1,

p. 303.

**D.  Post-conviction petition, motion for resentencing, and motion for new trial (2017)**

On May 18, 2017, Gerald filed a petition for post-conviction relief pursuant to R.C. 2953.21.  Doc. 10-1, pp. 304-328.  In his petition, Gerald challenged his conviction on the following grounds: (1) the magistrate's probable cause determination; (2) failure of probable cause/reasonable suspicion to make the initial stop; (3) R.C. 2921.331 (failure to comply with order or signal of police officer) is vague and unconstitutional; (4) passage of R.C. 2921.331 violated the one-subject rule; (5) motion to suppress; (6) motion to sever; (7) motion regarding jail conditions; (8) bail; (9) evidence rules; and (10) sentence.  Doc. 10-1, pp. 307-327.  On May 24, 2017, the State filed a motion to dismiss Gerald's petition for post-conviction relief on the basis that it contained no evidentiary documents and raised claims barred by res judicata.  Doc. 10-1, pp. 329-331.

On July 21, 2017, Gerald filed a motion for resentencing.  Doc. 10-1, pp. 332-339. Gerald argued that he should be entitled to resentencing based on his character.  Doc. 10-1, pp. 332-334.  He also argued that resentencing was warranted because the offenses of failure to comply and driving under suspension were allied offenses and the receiving stolen property counts were allied to each other.  Doc. 10-1, p. 334.  Also, he argued that he should not have been sentenced to maximum sentences.  Doc. 10-1, p. 335.  On July 28, 2017, the State filed its response, arguing that any sentencing issue could have been raised on appeal and, therefore, the motion for resentencing should be barred by res judicata.  Doc. 10-1, pp. 340-341.

On September 12, 2017, Gerald filed a motion for new trial.  Doc. 10-1, pp. 342-347. Gerald's new evidence was that the Akron Chief of Police had resigned due to pressure stemming from an investigation into his meddling in criminal investigations and racially derogatory remarks.  Doc. 10-1, pp. 342-343.  Gerald pointed to an August 29, 2017, Akron

Beacon Journal article as support for his motion.  Doc. 10-1, pp. 343, 345-347.  On September 15, 2017, the State filed a memorandum in opposition.  Doc. 10-1, pp. 348-350.  Gerald filed a response to the State's opposition.  Doc. 10-1, pp. 351-361.

On October 16, 2017, the trial court issued separate rulings on the pending motions before it.  Doc. 10-1, pp. 362-363, 364-365, 366.  The trial court denied Gerald's petition for post-conviction relief without an evidentiary hearing and granted the State's motion to dismiss.  Doc. 10-1, pp. 362-363.  The trial court found that Gerald's petition lacked evidentiary support and further found that all the arguments raised could have all been raised on direct appeal and were therefore barred by res judicata.  Doc. 10-1, pp. 362-363.  The trial court denied Gerald's motion for new trial, finding that Gerald had not established by clear and convincing evidence that he was unavoidably prevented from discovering the alleged new evidence.[10]  Doc. 10-1, pp. 364-365.  The trial court denied Gerald's motion for resentencing, finding that the arguments presented in the motion were barred by res judicata because they could have been presented on appeal.  Doc. 10-1, p. 366.

On November 15, 2017, Gerald filed a notice of appeal with the court of appeals from the trial court's October 16, 2017, decisions denying his petition for post-conviction relief, motion for new trial, and motion for resentencing (COA Case No. 28851) (Doc. 10-1, p. 367) along with directions to the clerk, instructing the clerk to include certain documents in the record on appeal (Doc. 10-1, p. 368).  On December 15, 2017, the court of appeals issued an order requiring Gerald to pay the required court deposit or request a waiver of the deposit and file the required docketing statement along with a copy of the final judgment of the trial court.  Doc. 10-1, pp. 369-370.  The court ordered Gerald to comply by January 16, 2018, or risk dismissal of the

---

[10] Also, the trial court found that any claims that Gerald had raised in his previously filed motion for new trial, which the trial court denied on January 18, 2017, were barred by res judicata.  Doc. 10-1, p. 365.

14

appeal.  Doc. 10-1, p. 369.   On January 31, 2018, the court of appeals dismissed Gerald's appeal because he had not responded to the court's December 15, 2017, order.  Doc. 10-1, p. 371.

On March 13, 2018, Gerald filed a notice of appeal from the court of appeals' January 2018 decision (Doc. 10-1, pp. 372, 443) and memorandum in support of jurisdiction (Doc. 10-1, pp. 373-400, 443).  Gerald raised one proposition of law, arguing that the trial court and court of appeals erred by not granting him relief.  Doc. 10-1, p. 375.  On March 19, 2018, the State filed a waiver of memorandum in response.  Doc. 10-1, p. 401.  On May 23, 2018, the Supreme Court of Ohio declined to accept jurisdiction of Gerald's appeal.  http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2018/0393.[11]

### E.  Motion requesting determination

On March 9, 2018, Gerald filed a motion requesting determination pursuant to R.C. 149.43(B)(8), (Doc. 10-2, pp. 402-405), requesting that the court find that he had a justiciable claim to obtain records consisting of a complete listing by race, age and city of all persons cited for traffic violations by Officer Allaman of the Peninsula Police Department and all persons cited for traffic violations by any officer of the Peninsula Police Department for the period November 22, 2010, through November 22, 2015 (Doc. 10-1, p. 402).   He argued that the information sought was needed to support a possible motion for new trial, motion to suppress and/or motion to dismiss/petition for writ of habeas corpus.  Doc. 10-1, p. 402.  On April 19, 2018, the trial court denied Gerald's motion, finding that he failed to meet his burden of establishing that the requested records were necessary to support a justiciable claim and establish that the claims he intended to present were not barred by res judicata.  Doc. 10-1, pp. 406-407.

---

[11] *See* Fed. R. Evid. 201(b)(2) (allowing a court "to judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." ; *see also e.g., Ashipa v. Warden, Chillicothe Corr. Inst.*, 2009 WL 3152840, *3 (S.D. Ohio Sept. 30, 2009) (taking judicial notice of online docket records available to the public through the internet).

**F.  State habeas petition**

On June 19, 2017, Gerald filed a petition for writ of habeas corpus in the Supreme

Court of Ohio, challenging the method(s) in Ohio for determining parole, judicial release

and good time credits.[12]  Doc. 10-1, pp. 408-412.  On August 7, 2017, Gerald filed a

merits brief in support of his petition, arguing that the provisions governing parole,

judicial release and good time credits were unconstitutionally vague.  Doc. 10-1, pp. 413-

421.  On September 13, 2017, the Supreme Court of Ohio dismissed Gerald's petition sua

sponte.  Doc. 10-1, p. 422.

**G.  Federal habeas corpus**

In his current federal habeas corpus petition,[13] Gerald asserts two grounds for relief,

which are detailed below in III (B) & (C).

### III.    Law and Analysis

**A.  Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any

---

[12] Gerald's petition was filed with co-petitioner, Alfonsia Perry.  Doc. 10-1, p. 408.  Both petitioners were acting pro se.

[13] As noted above, Gerald previously filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in this Court.  *See* Case No. 5:17-cv-00614.  That case was dismissed without prejudice on July 21, 2017, for failure to exhaust his state court remedies.  Case No. 5:17-cv-00614, Doc. 8, Doc. 9.

claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme
Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application'

of clearly established federal law when 'the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.'"  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable

application' clause requires the state court decision to be more than incorrect or erroneous."

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established

law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state

court's decision "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v.*

*Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through

appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)

(Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)).  The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388,

1398 (2011).

## B.  Ground One should be dismissed as not cognizable on federal habeas review

> **GROUND ONE**: Dismissal of indictment or grant of new trial.

> **Supporting Facts**: On November 22, 2015 the Petitioner Mr. Gerald was arrested
> by Peninsula, Ohio police who were assisted by police of Bath, Oh, Richfield, Oh,
> and Copley, Oh.  Mr. Gerald was charged with failure to comply, assault, four
> counts receiving stolen property, and driving while license suspended.

> While incarcerated in Summit County Jail on $750,000 bond, Mr. Gerald
> experienced numerous duress causing conditions and filed a motion addressing
> many of these matters.  The motion was titled "motion regarding jail conditions"
> and was filed on 1/21/2016.  The court addressed only one of the many issues
> presented and stated that the remaining issues were not "properly" before such
> court. This order was issued on 2/2/2016.

> The court grants Mr. Gerald funds for an investigator and Mr. Gerald hires the
> services of Accurate Investigative Services.  During the period of time Accurate
> was assisting Mr. Gerald, Mr. Gerald noticed a reluctance or diminishing of
> investigative effort of Accurate from conversations with staff of Accurate who
> relayed information concerning jail staff calling Accurate and suggesting in a
> harassive manner that Accurate should put money on Mr. Gerald's books to make
> phone calls.  Also information was relayed to Mr. Gerald that staff members of
> Accurate was fals[e]ly arrested by Akron police dept. (after conclusion of trial).

> Mr. Gerald attempts to have the matters concerning interference with his
> investigative aims decided upon by the court at a hearing on 5/2/2016.  The court
> refused to address the matter and stayed the proceedings without request from either
> party, pending appeals, interlocutory, of a denial of a motion to suppress.

> Since Mr. Gerald could not perfect an appeal due to the duress causing conditions
> addressed in his motion regarding jail conditions, Mr. Gerald voluntarily dismisses
> the appeal and in a pursuit to bring the case to trial, also bypasses the issue of
> witness intimidation and duress conditions of the jail and goes to trial unprepared.

Trial begins on August 1, 2016, and ended on August 3, 2016.  The jury finds Mr. Gerald not guilty for assault and guilty for the remaining counts.

Mr. Gerald files a "motion for new trial" on October 27, 2016.  The motion addressed the discovery of new evidence.  The new evidence was the arrest of an officer from Richfield Police Dept., the use of a fund to bribe the grand jury, the arrest of an investigator employed to assist Mr. Gerald and recent law concerning right to bail.

The common pleas court decided that the motion is denied.  Mr. Gerald appeals the denial.

The 9th District Court of Appeals holds that it is without jurisdiction to consider the appeal.  Mr. Gerald appeals to the Supreme Court of Ohio.

The Supreme Court of Ohio declines to accept jurisdiction.

None of the previous courts squarely addressed the merits of Mr. Gerald's motion for new trial.

On this basis the indictment should be should be dismissed or a new trial ordered.

Doc. 1, pp. 5, 16-19.[14]

Ground One is an attack on the state court's rulings on Gerald's motions for new trial.  He contends that the state court did not properly deny his motions for new trial and/or did not fully consider his motions for new trial.  Therefore, he asserts he is entitled to federal habeas relief.   Respondent argues that Ground One should be dismissed because the claim presented therein is not cognizable on federal habeas review.

As explained more fully below, the undersigned finds that Ground One presents claims that are not cognizable on federal habeas review.  Therefore, the undersigned recommends that the Court **DISMISS** Ground One.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C.

---

[14] The first ground for relief and supporting facts are quoted from Gerald's Petition.

§ 2254(a).  Thus, "federal habeas relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").  "The federal habeas court does not act as an additional appellate court to review a state court's interpretation of its own law or procedure."  *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) (whether or not the juvenile court complied with Ohio's procedural requirements was not a matter for the federal court to decide on a petition for federal habeas relief).

On January 18, 2017, the trial court denied Gerald's 2016 motions for new trial.  Doc. 10-1, pp. 260-263.  On May 16, 2017, the court of appeals found that Gerald failed to file a proper appeal from the trial court's January 18, 2017, decision on the motions for new trial filed in 2016.  Doc. 10-1, pp. 285-286.  Therefore, the court of appeals held that it was without jurisdiction to consider Gerald's appeal.  *Id.*  Gerald appealed the court of appeals' May 16, 2017, decision to the Supreme Court of Ohio.  Doc. 10-1, pp. 287-301.  On September 27, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Gerald's appeal.  Doc. 10-1, p. 303.

On October 16, 2017, the trial court denied Gerald's September 12, 2017, motion for new trial.  Doc. 10-1, pp. 364-365.  On January 18, 2018, the court of appeals dismissed Gerald's appeal from the trial court's denial of his September 12, 2017, motion for new trial, finding that Gerald had failed to comply with the court's orders with respect to filing requirements.  Doc. 10-1, p. 371.  Gerald appealed the court of appeals' January 2018 decision to the Supreme Court of Ohio.  Doc. 10-1, pp. 372-400.  On May 23, 2018, the Supreme Court of Ohio declined to accept

jurisdiction of Gerald's appeal.

http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2018/0393.

As succinctly stated by the Southern District of Ohio:

There is no free-standing federal constitutional right to a new trial nor to any particular procedure for deciding motions for new trial. To establish a constitutional due process claim, Petitioner must demonstrate that the trial court's denial of his motion for new trial was "so egregious" that it violated his right to a fundamentally fair trial. *See Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004). *Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009)(Holschuh, D.J.)

*Pointer v. Warden, Chillicothe Corr. Inst.*, 2017 U.S. Dist. LEXIS 85792, * 10-11 (S.D. Ohio June 5, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 107961 (S.D. Ohio July 12, 2017). Here, Gerald has failed to demonstrate that the trial court's denials of his motions for new trial were "so egregious" that his right to a fundamentally fair trial was violated. Further, any claim that the state court did not properly interpret its procedural or evidentiary rules is an issue of state law and "federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 67-68. "[S]tate courts are the final authority on state law." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984). "The federal habeas court does not act as an additional appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d at 328. Thus, it is not for this Court to assess whether or not the state trial court properly applied Ohio's rules of criminal procedure when considering Gerald's motions for new trial or whether the state appellate court properly applied its rules of appellate procedure when assessing whether it had jurisdiction to consider Gerald's appeals.

Based on the foregoing, the undersigned recommends that the Court **DISMISS** Ground One because it presents claims that are not cognizable on federal habeas review.[15]

---

[15] Respondent alternatively argues that Ground One should be dismissed because of procedural default. Since there is no cognizable claim presented in Ground One, it is not necessary for the Court to consider the alternative argument.

**C.  Ground Two should be dismissed as not cognizable on federal habeas review**

**GROUND TWO**: Law for judicial release and good time credits is unlawfully applied and unconst[itutional].

**Supporting Facts**:

Judicial Release

Mr. Gerald was sentenced to 6½ years and according to current law regulating judicial release he is not eligible to file for judicial release until 5 years is served.

Other regulations under the judicial release law allow for judicial release at any time if the sentence is under 1 year, if over 1 year but under 2 years at completion of 60 days, if over 2 years but under 5 years at completion of 6 months.

In p[ro]portion, mathematically, the following is true:

| SERVED TIME | | JUDICAL RELEASE ELIGIBILITY |
|---|---|---|
| 1 year | = | 60 days |
| 2 years | = | 120 days |
| 3 years | = | 180 days |
| 4 years | = | 240 days |
| 5 years | = | 300 days |
| 6 years | = | 360 days |
| 7 years | = | 420 days |

This would mathematically measure out equally in p[ro]portion between a person with 1 year and a person with 7  years.

To jump from 180 days for eligibility for a sentence of 5 years to 5 years for eligibility for a sentence of 6½ years is a drastic an[d] unaccounted for jump in restriction period with only a year and a half of difference between sentences.

Good Time Credits

Good time credits are eligible for Mr. Gerald only if he participates in educational programs.  However the qualifications to be enrolled within these programs are not attainable.  Programs are year long and have a waiting list of 2 years and have only a 15-30 member capacity in a facility which holds over 2,000 people.

There is no good time credits afforded to one who has an infraction-free track record.  Mr. Gerald was infraction free for over 8 months with no incentive whatsoever.  In fact the number one reason Mr. Gerald avoided much of the

temptations to violate facility rules was to gain a transfer to a level 1 security facility and the people with the authority to authorize a transfer worked against his being transferred.

Doc. 1, pp. 7, 20-22.[16]

Ground Two is an attack on Ohio's statutes, rules, and/or procedures for judicial release and good time credits.  Gerald raised arguments regarding these issues in a petition for writ of habeas corpus he filed in the Supreme Court of Ohio on June 19, 2017.  Doc. 10-1, pp. 408-421. The Supreme Court of Ohio declined jurisdiction on September 13, 2017.  Doc. 10-1, p. 422. Respondent argues that Ground Two should be dismissed because the claims presented therein are not cognizable on federal habeas review.

As explained more fully below, the undersigned finds that Ground Two presents claims that are not cognizable on federal habeas review.  Therefore, the undersigned recommends that the Court **DISMISS** Ground Two.

As discussed above, federal habeas relief is not available to correct errors of state law. Thus, to the extent that Gerald is claiming a violation of state law in Ground Two, his claim is not cognizable on federal habeas review.  Additionally, there is no "fundamental right to parole or to release from a sentence of incarceration that has itself been lawfully imposed."  *Goodell v. Trombley*, 2002 WL 1041734, * 4 (E.D. Mich. May 23, 2002)  (citing *Greenholz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)); *see also Brooks v. Eppinger*, 2017 WL 3136150, * 3 (6th Cir. June 20, 2017) (There is no "constitutionally protected liberty interest in . . . state parole.") (citing *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991)); *see also Morehouse v. Mausser*, 2011 WL 249490, * 4 (S.D. Ohio Jan, 26, 2011) (finding that an Ohio inmate has no

---

[16] The second ground for relief and supporting facts are quoted from Gerald's Petition.

"liberty interest in parole eligibility under Ohio law[]").  Also, while "a state may . . . create a liberty interest protected by the Due Process Clause through its enactment of certain statutory and regulatory measures[,]" an "inmate[] ha[s] no inherent constitutional right to good time credit."  *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) and *Hewitt v. Helms*, 459 U.S. 460, 469, 103 S.Ct. 864, 870, 74 L.Ed.2d 675 (1983)); *see also Martin v. O'Brien*, 207 Fed. Appx. 587, * 2 (6th Cir. Dec. 4, 2006) ("[P]risoners have no liberty interest in opportunities to obtain good-time credits.") (relying *Hansard*, 980 F.2d at 1062).

The undersigned finds that Gerald has failed to and is unable to demonstrate a constitutionally protected right to early release from his sentence or to opportunities to earn good-time credits.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground Two because it presents claims that are not cognizable on federal habeas review.

## IV.    Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DENY**

Gerald's Motion for Default Judgment (Doc. 13) and that the Court **DISMISS** Gerald's Petition

(Doc. 1) because the claims presented therein are not cognizable on federal habeas review.


Dated: November 14, 2018

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).